**NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS,**
Plaintiff,

v.

**DENTALCARE PARTNERS, INC; Dental One, Inc; DCP Equity Partners, LLC; et al., Defendants.**

**No. 5:13–CV–141–BO.**

United States District Court,
E.D. North Carolina,
Western Division.

March 15, 2013.

---

Douglas J. Brocker, Carolin D. Bakewell The Brocker Law Offices, P.A., Raleigh, NC, for Plaintiff.

Stephen W. Petersen, Mark Anderson Finkelstein, Smith Moore Leatherwood LLP, Johnny M. Loper, Womble Carlyle Sandridge & Rice, PLLC, Adam Nicholas Olls, David S. Coats, Jeffrey P. Gray, Bailey & Dixon, L.L.P., Daniel T. Barker, Law Offices of Daniel T. Barker, PLLC, Ashley Huffstetler Campbell, Ragsdale Liggett PLLC, Patrick M. Aul, Young, Moore & Henderson, P.A., Raleigh, NC, for Defendants.

### ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on the plaintiff's motion to remand [DE 23]. A hearing on this motion was held on March 7, 2012 in Raleigh, North Carolina. For the reasons stated herein, the plaintiff's motion to remand is GRANTED.

### BACKGROUND

Generally, this case concerns the operations of dental service organizations (DSOs) in the State of North Carolina. DSOs operate to assist dentists with the business aspects of their practices by handling back-office needs such as billing and administrative tasks. Specifically, the plaintiff's complaint alleges that the corporate defendants overstepped the boundaries of their administrative duties and invaded the clinical authority of the dentists contracting with them, in violation of North Carolina law. The North Carolina State Board of Dental Examiners has named the corporate parties and the individual dentists as defendants in this suit. The dentist defendants are alleged to have aided the corporate defendants in their clinical oversteps, thereby aiding in the unauthorized practice of dentistry by non-clinicians, in violation of North Carolina. The plaintiff now seeks permanent injunctive relief against both the corporate defendants and the dentist defendants.

The plaintiff offered many examples of the defendants' alleged misbehavior in its complaint. Specifically, in paragraphs 191 through 205 the plaintiff pointed to the

alleged systematic overdiagnosis of periodontal disease and corresponding overprescription of a drug Arestin—all at the direction of the corporate defendants. [DE 1–3]. The plaintiff also provided other examples of the corporate defendant's usurpation of clinical authority, including the alleged existence of organizational charts that mandated a specific division of clinical authority between the individual dentist and the corporations.

In setting forth its claims, the plaintiff only alleged violations of state law. In addition to its request for injunctive relief, the plaintiff only requested that the costs of the action be taxed against the defendant DCP. The complaint does not request that damages be awarded and does not reference federal statutes that would form the basis for the relief requested.

### PROCEDURAL HISTORY

Plaintiff filed its complaint in Wake County Superior Court on February 18, 2013. Defendants Dental One, Inc., DentalCare Partners, Inc., and DCP Equity Partners (the "DCP" defendants) removed this case to federal court on February 27, 2013. A scheduling hearing was held on February 28, 2013. The motion to remand was filed on March 6, 2013 and a hearing on that motion was held on March 7, 2013. The DCP defendants argue that their removal was proper under 28 U.S.C. § 1441 and that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### DISCUSSION

■ An action is removable to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). An action may be brought in federal court that "arises under" federal law. In other words, federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule is used to evaluate whether federal question jurisdiction exists over a civil action. That rule requires that whether a case is one arising under the laws of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ There is a complement to the well-pleaded complaint rule: the artful pleading doctrine. Under that rule, removal is proper where the plaintiff has cleverly drafted his complaint so as to obfuscate an important federal question that should properly serve as the basis for jurisdiction. *See* WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed.).

Here, the DCP defendants argue that federal question jurisdiction exists and removal is proper because adjudication of the plaintiff's claims will require the consideration of the Food, Drug and Cosmetic Act or the Prescription Drug Marketing Act. The Court is not persuaded by this argument. The plaintiff's claims arise only under North Carolina state law and that is what the complaint reflects. The defendants have apparently become fixated on the plaintiff's allegation that the defendants overprescribed Arestin.[1] The DCP defendants now argue that the adjudicating court cannot determine whether their role in the clinical prescription procedure was proper without resorting to federal

---

1. The defendants have not pointed to any other allegations in the complaint that might raise a federal question.

law governing prescription drugs. It is clear to the Court, however, that plaintiff offered the Arestin allegations as a mere example of the defendants' usurpation of clinical authority—not as an example of the defendants' inability to comply with federal law. In fact, it is not relevant to the adjudication of this matter whether the defendants' prescriptions for Arestin, or any other drug, violated federal law. Moreover, determining that the defendants did violate federal law in their prescription efforts would bring the Court no closer to resolution of the plaintiff's state law claims and requests for injunctive relief.

The critical question is whether the defendants actually overstepped the boundaries of clinical authority by exercising control over decisions assigned exclusively to practitioners under North Carolina law. It is not necessary that the plaintiff establish a violation of federal law in order to demonstrate such overreach. For example, plaintiff could have alleged clinical overreach by stating that the corporate defendants ordered the dentist defendants to instruct patients to ingest one acetaminophen tablet—a non-prescription drug—at every appointment. Again, the crucial inquiry would not be whether such a distribution of acetaminophen tablets is legal, but whether the corporate defendant was stepping into the dentist's shoes in order to make a clinical assessment and prescription. Such a legal assessment does not require does not require the intervention of federal law. Because the plaintiff's claims do not arise under federal law, this court has no subject matter jurisdiction over the instant action.

As the Court has found subject matter to be lacking, it is not necessary to consider the parties' arguments on the matters of consent to removal and abstention. Because this action lacks diversity and a federal question, remand is proper.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is GRANTED. The clerk is directed to remand this matter to the Wake County Superior Court. As the Court does not have subject matter jurisdiction over this action, all pending motions shall be remanded with the body of the action.

SO ORDERED.